[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this third summary process action brought against this defendant for these premises at 347-349 Hebron Avenue, Glastonbury, Connecticut, the plaintiff seeks possession under C.G.S. § 47a-23(a)(3) as amended by P.A. 95-247, § 1. The action was originally brought by Walter Twachtman, Conservator of the Estate of Olga Zajicek, as were the two previous actions. During the pendency of this action, the original plaintiff conveyed the premises to the plaintiff Little River Limited Liability Company. (See Amended Complaint ¶ 6 and Exhibits 1-4).
The defendant has raised several defenses to the action. His Motion to Dismiss for defective Notice to Quit and insufficient service of the Notice to Quit, writ, summons and complaint was denied on January 12, 1996 in a written ruling. He also seeks judgment on the ground that this plaintiff has no standing. In addition, the defendant raised a defense under C.G.S. §47a-23c(b)(1)[1]. CT Page 5269
The court affirms its ruling of January 12, 1996, which disposes of the first defense. As to the issue of this plaintiff' s standing, the court finds that the Motion to Substitute Party Plaintiff and the Amended Complaint establish the standing of the plaintiff in this action. Before turning to the third defense to this action, the court will determine if the plaintiff has met its burden of proof.
In the preceding action the court made the following findings that apply to this action.[2] The defendant has lived at the premises for approximately sixty years. He lived there with his father and his aunt, Olga Zajicek. In January 1993, Walter Twachtman was appointed the conservator of the estate of Olga Zajicek. In July 1994, Olga Zajicek left the premises and currently lives in a convalescent home. She is at least 92 years old. The defendant never paid rent or use and occupancy to the Conservator or to Olga Zajicek. While Olga Zajicek lived at the premises there was an informal arrangement that the defendant would look after Ms. Zajicek. The defendant provided certain services "in order to stay at the premises." He looked after his aunt, took care of minor tenant needs, communicated with the conservator regarding repairs to the premises and met with repair people. The conservator, in exchange, paid his telephone bill, gave him a food allowance and a place to stay. This arrangement was in effect while Ms. Zajicek resided at the premises but after the conservator was appointed. According to the plaintiff's testimony, this arrangement concerned the use and occupancy of the premises in that the defendant was provided a place to stay rent free because he looked after his aunt and performed certain other chores concerning the premises. In other words, at one time, a rental agreement existed between the parties.
Based upon the testimony during this action, the court further finds that the defendant has never paid rent or use and occupancy to the plaintiff Little River, who now owns the premises. While an agreement existed at one time between the conservator and the defendant, that agreement ended when Olga Zajicek left the premises. Thereafter, the defendant enjoyed a tenancy at sufferance, and the defendant has not since entered into a rental agreement with either the plaintiff Little River or its predecessor Walter Twachtman.
Under C.G.S. § 47a-23(a)(3), when an owner desires to obtain possession of a building "when one originally had the CT Page 5270 right or privilege to occupy such premises but such right or privilege has terminated" such owner serves the occupant with a notice to quit in conformity with (b) of § 47a-23. The statute was amended effective October 1, 1995 to eliminate the phrase "other than under a rental agreement or lease" after "premises." Under the amended statute, the plaintiff need only prove that it is the owner of the premises, that the defendant once had the right to occupy and that the right to occupy has terminated. There is no longer the need to disprove the existence of a rental agreement or lease.[3]
The plaintiff has proved that it is the owner, that Mr. Zacijek once had the right or privilege to occupy and that he no longer enjoys that right.
The court now turns to the defendant's affirmative defense under C.G.S. § 47a-23c(b)(1) that the plaintiff is prohibited from bringing this action because the defendant is more than sixty-two years old:
 Sec. 47a-23c. Prohibition on eviction of certain tenants except for good cause. (a)(1) Except as provided in subdivision (2) of this subsection, this section applies to any tenant who resides in a building or complex consisting of five or more separate dwelling units or resides in a mobile manufactured home park and who is either: (A) Sixty-two years of age or older, . . .
The defendant is more than sixty-two years old (Ex. A). Further, under O'Brien Properties, Inc. v. Rodriguez, 215 Conn. 367, 374
(1990), he is a tenant for purposes of C.G.S. § 47a-23c. In finding that a tenant at sufferance was a tenant under C.G.S. § 47a-23c, the Supreme Court noted that "a tenant at sufferance arises when a person who came into possession of the land rightfully continues in possession wrongfully after his right thereto has terminated." 215 Conn. At 372. The only remaining element for the defendant to prove is that the premise is within a building consisting of five or more separate dwelling units. The plaintiff does not claim that this cause of action for summary process (§ 47a-23(a)(3)) is exempted under (b)(1) of § 47a-23c.
As noted above, C.G.S. § 47a-23c applies to bar this action if the building contains five or more separate dwelling units. While this statute is a remedial statute and accordingly CT Page 5271 should be read broadly in favor of those whom the legislature intended to benefit, namely the elderly, the blind and physically disabled tenants, "[n]o word in a statute should be considered as surplusage." Harris Data Communications, Inc. v. Heffernan,183 Conn. 194, 197 (1981); see also O'Brien Properties, Inc. v.Rodriguez, 215 Conn. 367, 372 (1990). Based upon its finding set forth below, the court does not reach the issue of whether the defendant has proven that there are separate dwelling units contained within this structure. In other words, this court need not determine what the legislature intended by inserting the modifier "separate" before dwelling unit in (a)(1) of 47a-23c.
The defendant must prove his affirmative defense by a preponderance of the evidence. The defendant testified that the 347-349 Hebron Avenue consists of one apartment and two rooms on the first floor and one apartment and three rooms on the second floor. He testified that these rooms had been rented out, except for the one room he had lived in when his aunt was living on the premises in the first floor apartment. No one has lived there besides the defendant since the date of the first case, or September 1994. In addition, in Doc. No. 80031, in the Ruling on the Motion to Dismiss, the court found that the defendant was the only occupant of the building and possessed the keys to the interior apartments, that he occupied both the upstairs and downstairs of the building, and that he had access to the various rooms and apartments.
Based upon the evidence presented, the court cannot find that the defendant occupies premises in a building consisting of five or more dwelling units. While it is clear from the testimony that at some time prior to September 1994, the structure at 347-349 Hebron Avenue consisted of five or more dwelling units, there is insufficient evidence to find that the structure continued to consist of five dwelling units after that date. In fact, the testimony of the defendant in this case and the prior case indicate that the defendant has been occupying the entire structure at 347-349 Hebron Ave since prior to September 1994. (See Ruling dated 4/3/95 Doc. No. 9502-80031). This is unlike a situation where the dwelling units are simply vacant. In such a case, the structure could continue to consist of the dwelling units to fall within the statute. Here, by his own actions and control of the entire structure at 347-349 Hebron Avenue, the defendant has put into question the nature of the rooms and apartments therein. CT Page 5272
While the legislature clearly intended to protect the elderly from evictions unless for good cause, it put limitations on that protection. Once such limitation is the type of premise the defendant occupies. The court considered the uncorroborated (and uncontroverted) testimony of the defendant in this case and the preceding action to find that these premises do not fall within the protection of C.G.S. § 47a-23c. Accordingly, the plaintiff is not barred by C.G.S. § 47a-23c from bringing this action.
Judgment of possession may enter in favor of the plaintiff.
Alexandra Davis DiPentima, Judge